IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Whittaker, ) | C/A No. 0:14-426-DCN-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Bernard McKie, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Robert Whittaker, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Whittaker was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 23.) Whittaker filed a response in opposition. (ECF No. 25.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Whittaker's Petition denied.

## BACKGROUND

Whittaker was indicted in June 2006 in Spartanburg County for trafficking in cocaine (06-GS-42-2409).[1] (Supp. App. at 4-5, ECF No. 21-13 at 6-7.) Whittaker was represented by James

---

[1] The respondent states that Whittaker was initially indicted in January 2006 for trafficking in cocaine (06-GS-42-13), but that this indictment was subsequently *nolle prossed*. (Respt.'s Mem. Supp. Summ. J., ECF No. 21 at 16-17; ECF No. 21-19 at 4-5.)



Hatcher, Esquire, and on November 2, 2006 was tried and found guilty as charged. (App. at 158, ECF No. 21-12 at 160.) The circuit court sentenced Whittaker to twenty-five years' imprisonment. (App. at 161, ECF No. 21-12 at 163.) Whittaker moved for a new trial based upon an alleged lack of evidence, which was denied by order issued December 7, 2006. (ECF No. 21-1 at 4.)

Whittaker timely appealed. However, his appellate counsel, Eleanor Duffy Cleary, Esquire, filed a letter with the Clerk of Court on May 9, 2007 at Whittaker's request that included an affidavit from Whittaker indicating he wanted to withdraw his appeal. (ECF No. 21-3.) The South Carolina Court of Appeals issued an Order of dismissal and remittitur on May 11, 2007. (ECF No. 21-4.)

Whittaker filed a *pro se* application for post-conviction relief ("PCR") on March 28, 2007 in which he raised the following claims:

(a)   Ineffective assistance of Counsel at trial

(b)   Spartanburg County lack Subject Matter Jurisdiction

(c)   Constitution Violation 6th Amendment[.]

(See Whittaker v. State of South Carolina, 07-CP-42-1178; App. at 163-69, ECF No. 21-12 at 165-71.) The State filed a return. (App. at 170-75, ECF No. 21-12 at 172-76.) On July 29, 2009, the PCR court held an evidentiary hearing at which Whittaker appeared and testified and was represented by Lara P. Harrill, Esquire. At the hearing, Whittaker, through counsel, amended his application to include a request for a belated direct appeal pursuant to White v. State.[2] By order filed September 30, 2009, the PCR found that Whittaker was entitled to a belated direct appeal pursuant to White, and declined to address Whittaker's remaining PCR issues until the belated appeal was

---

[2] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).



exhausted. (App. at 209-10, ECF No. 21-12 at 211-12.) The State filed a motion to alter or amend pursuant to Rule 59(e) in which it asked to court to alter its ruling with respect to the belated direct appeal based on Whittaker's direct appeal and subsequent withdrawal, and also requested that the court address Whittaker's remaining PCR issues. (App. at 211-13, ECF No. 21-12 at 213-15.) On December 14, 2009, the PCR court held a hearing on the Rule 59(e) motion at which Whittaker appeared and continued to be represented by Lara P. Harrill, Esquire. The court issued an order on May 17, 2010, denying and dismissing Whittaker's PCR application with prejudice. (App. at 214-22, ECF No. 21-12 at 216-24.)

On appeal, Whittaker was represented by Elizabeth A. Franklin-Best, Esquire, who filed a petition for a writ of certiorari on Whittaker's behalf that presented the following question:

> Did trial counsel render ineffective assistance of counsel when he did not timely move to quash Whittaker's indictments when the State failed to abide by South Carolina Rules of Criminal Procedure, Rule 3(c) that an indictment be presented to the grand jury within 90 days after receipt of an arrest warrant?

(ECF No. 21-8.) The State filed a return. (ECF No. 21-9.) On September 26, 2013, the South Carolina Court of Appeals issued an order denying Whittaker's petition for a writ of certiorari. (ECF No. 21-10.) The remittitur was issued October 30, 2013. (ECF No. 21-11.) This action followed.

## FEDERAL HABEAS ISSUES

Whittaker's federal Petition for a writ of habeas corpus raises the following issues, as summarized by the respondent:

   I.   Ineffective assistance of counsel
        a.   Counsel failed to adequately communicate with me concerning court procedures and I had to research the law on my own.
             i.   Counsel should have advised Applicant that the state had 90 days to indict me after the arrest under S.C. Criminal



       Procedure Rule 3 and had the charges dismissed because the indictments were too late.
    ii. Counsel should have advised me that the 90 day rule was a tracking rule and he should have let the judge decide.
      1. Counsel lied to Petitioner about the rule.
    iii. I learned I had not been indicted 10 months after arrest and the case should have been dismissed. Counsel did not let me know he was wrong.
    iv. Counsel failed to file the motion to dismiss Petitioner had prepared.
   v. Counsel failed to learn or advise me that the charge had been nolle prossed.
   vi. A second indictment was done which should not have been allowed after warrant had been dismissed.[]
 II. Lack of subject-matter jurisdiction
   a. Petitioner claims he was not indicted. He asserts that he learned that there were two indictments prepared.
   b. He claims that there is no transcript of the grand jury proceedings to support that there was a proceeding that occurred.
   c. He was initially advised of who was the court reporter during the term, but later was advised that [] grand jury proceedings were not recorded which he claims is a violation of state law. There is no paperwork to support that he was indicted.

(See Respt.'s Mem. Supp. Mot. Summ. J., ECF No. 21 at 5-6; see also Pet., ECF No. 1.)[3]

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

---

[3] Whittaker's response in opposition to the respondent's motion does not contradict the respondent's interpretation and summary of Whittaker's grounds for habeas relief. (ECF No. 25.)



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas



corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and



latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner

must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

    **1.    Procedural Default**

As an initial matter, the respondent argues that only the following portion of Ground One has been preserved for this court's review: whether trial counsel's performance was constitutionally deficient for failing to timely move to quash Whittaker's indictments. (ECF No. 21 at 15-16.) The respondent asserts that the remaining subparts of Ground One are procedurally defaulted. (Id.) The respondent further argues that Ground Two is procedurally defaulted in its entirety. (Id. at 20.) Whittaker's response in opposition to the respondent's motion for summary judgment presents no facts or arguments to challenge the respondent's assertion that the portions of Ground One and all portions of Ground Two are procedurally defaulted. (ECF No. 25.)



In addition to his claim that trial counsel was ineffective for failing to timely make a motion to quash the indictments, Whittaker also alleges in Ground One that trial counsel failed to: (1) adequately communicate with Whittaker concerning court procedures; (2) advise Whittaker that the state had ninety days to indict him after arrest; (3) advise Whittaker that the ninety-day rule concerning indictment "was a tracking rule" and should be decided by the judge; (4) admit that Whittaker had not been indicted ten months after arrest; (5) file a motion to dismiss prepared by Whittaker; (6) learn or advise Whittaker that the charge had been nolle prossed; and (7) properly respond to a second indictment. (ECF No. 21 at 5-6; see also ECF No. 1 at 8; ECF No. 1-1 at 1-10.)

In Ground Two, Whittaker alleges a lack of subject matter jurisdiction. (ECF No. 21 at 6; ECF No. 1 at 9; ECF No. 1-1 at 11-16.) Whittaker supports his Ground Two claim with the following allegations: (1) he was not indicted, although he learned that two indictments were prepared; (2) there is no transcript of the grand jury proceedings to show that such proceedings occurred; and (3) there is no paperwork to support the indictment because the grand jury proceedings were not recorded in violation of state law. (Id.)

While the respondent concedes that Whittaker fully exhausted the portion of Ground One which alleges that trial counsel was ineffective for failing to move to quash the indictments, the respondent argues that Whittaker abandoned all other subparts of Ground One, and the entire claim in Ground Two, when he failed to raise these issues in his appeal of the PCR court's order denying and dismissing Whittaker's application. (ECF No. 21 at 15, 20.) A review of the record reflects that the PCR court's order denying relief addressed a general claim of ineffective assistance of counsel associated with trial counsel's failure to fully investigate. (App. at 216-19, ECF No. 21-12 at 218-221.) The PCR court's order further addressed Whittaker's claim that the court lacked subject matter

jurisdiction. (App. at 219-20, ECF No. 21-12 at 221-22.) However, Whittaker did not present these claims to the state appellate court during his PCR appeal. (ECF No. 21-8 at 3.) Thus, the court agrees that all portions of Ground One, with the exception of Whittaker's claim that trial counsel failed move to quash the indictments, and all allegations presented in Ground Two are procedurally defaulted. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this ground would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Whittaker attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

While the court finds that the above-listed portions of Ground One and all claims presented in Ground Two are procedurally defaulted, or barred from federal habeas review, such claims may be considered by a federal court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable



evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Whittaker's response in opposition to the respondent's motion for summary judgment provides no arguments to meet this standard and fails to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Accordingly, the subparts of Ground One addressed above and all claims presented in Ground Two[4] are procedurally barred from federal habeas review.

### 2.     Ground One

The portion of Ground One preserved for review alleges that trial counsel was ineffective for failing to timely move to quash Whittaker's indictments where the state failed to indict him within ninety days from the arrest. A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v.

---

[4] As argued by the respondent in his motion for summary judgment, to the extent that Whittaker's Petition alleges a lack of subject matter jurisdiction based on an insufficient indictment, he is not entitled to habeas relief. (ECF No. 21 at 20.) Whether the state court lacked subject matter jurisdiction is a question of state law, which is not cognizable in this federal habeas action. See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (concluding that because a petitioner's allegations that the circuit court lacked jurisdiction over certain counts of an indictment rested solely upon interpretation of state laws, it was not cognizable on federal habeas review absent a showing of "complete miscarriage of justice"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Although Whittaker generally argues that the state court lacked subject matter jurisdiction, he has failed to show that the state court's actions resulted in a "complete miscarriage of justice." See Wright, 151 F.3d at 158. Thus, had Whittaker preserved Ground Two for review, the respondent would be entitled to summary judgment on this claim.



Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is



whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

As noted by the PCR court, Whittaker was indicted at the June 2006 term of the Spartanburg County Grand Jury for trafficking cocaine and was represented by James Hatcher at a bench trial on November 2, 2006. (App. at 215-16, ECF No. 21-12 at 217-18.) After being found guilty, Whittaker was sentenced to confinement for twenty-five years. (App. at 216, ECF No. 21-12 at 218.) The PCR court summarized Whittaker's testimony at the PCR hearing, during which he testified that there were two indictments issued in his case. (Id.; see also App. at 184, ECF No. 21-12 at 186.) Whittaker testified that, during a meeting in March of 2006, he was advised by Hatcher that an indictment had been issued for the charge. (App. at 181, ECF No. 21-12 at 183.) Whittaker stated that the Clerk of Court subsequently confirmed that Whittaker had been indicted in January of 2006, but he did not receive a copy of the indictment. (Id.) Whittaker testified that, at the time of his bench trial, he was unaware that a second indictment had been issued and that he was actually being

tried on the second indictment.[5] (App. at 216, ECF No. 21-12 at 218; see also App. at 185, ECF No. 21-12 at 187.) Whittaker stated that he learned of the second indictment, issued in June of 2006, after his conviction when he requested copies of documents related to his trial. (App. at 183-86, ECF No. 21-12 at 185-88.) Whittaker testified that Hatcher never moved to quash either indictment. (App. at 216, ECF No. 21-12 at 218; see also App. at 184-85, ECF No. 21-12 at 186-87.) Whittaker testified that the first indictment was not "true billed," that no transcripts from the grand jury proceedings were available to validate the first indictment, and that he would not have been convicted had Hatcher moved to quash the indictments. (App. at 187-189, 193, ECF No. 21-12 at 189-191, 195.)

The PCR court also summarized Hatcher's testimony at the PCR hearing, during which he testified that he was aware that Whittaker had been indicted twice due to a mistake on the first indictment that required the solicitor to submit a second indictment to the grand jury. (App. at 217, ECF No. 21-12 at 219; see also App. at 202, ECF No. 21-12 at 204.) Hatcher testified that he and Whittaker discussed the indictments "off and on . . . all the way through the date of trial," but Hatcher stated that he was unsuccessful in explaining to Whittaker why Hatcher believed there was no merit in challenging the indictments. (Id.) Hatcher testified that he did not move to quash either indictment in the case prior to trial. (App. at 205, ECF No. 21-12 at 207.) Hatcher further testified that he did not file a motion prepared by Whittaker, to dismiss the case under Rule 3 of the South Carolina Rules of Criminal Procedure, because Hatcher felt that such a challenge to the indictments would be a "dead-end issue." (App. at 206, ECF No. 21-12 at 208.)

---

[5] On November 6, 2006, Whittaker's first indictment, 06-GS-42-13, issued in January of 2006, was nolle prossed as a duplicate of the second indictment, 06-GS-42-2409, issued in June of 2006. (Supp. App. at 4-7, ECF No. 21-13 at 4-7.)



In denying and dismissing Whittaker's application, the PCR court found that Hatcher's testimony was credible. Whittaker's response in opposition (ECF No. 25) to the respondent's motion does not dispute the PCR court's credibility determination, or provide any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

The PCR court reasonably found that "counsel was not ineffective for failing to move to quash the indictments."[6] (App. at 219, ECF No. 21-12 at 221.) The PCR court further reasonably held:

> [T]he Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds that Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

(App. at 219, ECF No. 21-12 at 221.) Thus, the PCR court reasonably concluded that Whittaker failed to establish "any constitutional violations or deprivations before or during his trial and

---

[6] In the Form 4 Order issued after the state's motion to alter or amend pursuant to Rule 59(e), the PCR court further stated: "While to a lay person the process used by the state may seem to violate the constitutional process requiring indictments and [Whittaker's] lawyer should have challenged the process, his lawyer is correct that raising such issues are usually meritless." The court further indicated that it found "nothing in the record to rest a different conclusion than the one expressed by [Hatcher]." (ECF No. 21-6 at 1.)



sentencing proceedings," and did not show that Hatcher was "deficient in any manner," or that Whittaker was prejudiced by Hatcher's representation. (App. at 221, ECF No. 21-12 at 223.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Whittaker cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, Whittaker reasserts his claim that Hatcher was ineffective for failing to quash the indictments. (ECF No. 25.) However, Whittaker provides no additional factual allegations or arguments to refute the respondent's motion for summary judgment. Upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Whittaker has failed to establish that trial counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Therefore, Whittaker has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785. Accordingly, the respondent's motion for summary judgment should be granted as to the portion of Ground One preserved for review.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 22) be granted and Whittaker's Petition denied.

                                                */s/ Paige J. Gossett*
                                                Paige J. Gossett
                                          UNITED STATES MAGISTRATE JUDGE

December 22, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).